# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| Jacob Arredondo, Individually and on Behalf of Others Similarly Situated <br>     Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 1:23-cv-37 |
| Shuffle 512, LLC and Matthew Morgan, <br>     Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Matthew Morgan ("Morgan") and his company, Shuffle 512, LLC ("Shuffle") (jointly, "Defendants") have a business plan that includes paying non-exempt poker dealers at a sub-minimum wage rate and then illegally taking a significant portion of their tips to share with ineligible managerial employees. Plaintiff Jacob Arredondo ("Arredondo" or "Plaintiff") is one of the dealers hired by Defendants, and he brings this lawsuit against Defendant to recover his improperly taken tips and to recover the minimum wage to which he is entitled under the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1. Defendants operate a card house, which is a place for people to play poker for money, in Austin Texas. Arredondo worked for Defendants as a poker dealer in from June of 2021 until June of 2022. Plaintiff was first paid $5.00 per hour and was then paid $2.13 per hour for his work, plus tips that customers paid to him.

2. During the time he worked for the Defendants, Defendants required Arredondo

and their other poker dealers to pay 12% of the tips that they received each day to the Defendants. Upon information and belief, the 12% of tips was paid to the Defendants' "floor managers," individuals who supervised the dealers and who were the highest level of management on the premises of the card house while Arredondo and his co-workers were present working.

3. Defendants paid Arredondo and their other dealers as "tipped workers," that is, they took the FLSA's tip credit from the minimum wage of $7.25, resulting in an hourly wage of $2.13. An employer is only allowed to take the tip credit if it follows the FLSA's applicable rules, which includes the requirement that the workers get all tips paid to them by customers.

4. Arredondo worked with other individuals who were paid a sub-minimum wage as poker dealers. Defendants also improperly took 12% of these other individuals' tips.

5. Morgan owns Shuffle. Morgan is a person who had and exercised control over the work that Arredondo did, how that work was done, the scheduling of Arredondo's work and time worked, and the manner of Arredondo's compensation. Morgan is the person who made the decision to pay Arredondo and other dealers on a sub-minimum wage basis and to take 12% of their tips to be given to ineligible managerial employees.

**Allegations Regarding FLSA Coverage**

6. Shuffle is a Texas limited liability company that is covered by and subject to the overtime requirements of the FLSA.

7. During each of the three years prior to this complaint being filed, Shuffle was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones

and/or cell phones, electronic mail and the Internet.

8. During each of the three years prior to this complaint being filed, Shuffle regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

9. During each of the three years prior to this complaint being filed, Shuffle conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

10. During each of the three years prior to this complaint being filed, Shuffle's employees used or handled goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

**Plaintiff's Claims**

11. Defendants were legally required to pay Arredondo and their other poker dealers ("Similarly Situated Workers") all of the tips that customers paid to them. Instead, Defendants took 12% of the tips and gave them to managerial employees who are not eligible to pool tips with tipped workers such as the dealers.

12. Defendants did not steal Arredondo's tips by accident. Rather, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice with respect to Arredondo and Similarly Situated Workers. Such practice was and continues to be with regard to some of the Similarly Situated Workers, a clear violation of the FLSA.

13. Morgan owns Shuffle. Morgan is the individual who made the decision that Shuffle would take Arredondo's and the other dealers' tips and give them to floor managers. Because of the control that Morgan had over the operation of Shuffle and because he was

involved in causing the illegal tip theft, Morgan is liable to Arredondo and his coworkers as an employer.

## Cause of Action

### Violation of the FLSA – Failure to Pay All Tips to Tipped Workers

14. Defendant violated the FLSA by failing to pay Arredondo all of the tips that Shuffle's customers left him.

15. Arredondo has suffered damages as a direct result of Defendants' illegal actions.

16. Defendants are liable to Arredondo for the wrongfully taken tips, liquidated damages in an amount equal to the stolen tips, attorney's fees and costs of Court under the FLSA. In addition, by stealing his tips, Defendants have forfeited their right to use the tip credit with regard to Arredondo and his coworkers. As a result, Defendants owe Arredondo and the other dealers the difference between the federal minimum wage and the tip credit wage paid to him (e.g., $7.25 - $2.13 = $5.12) for each hour for which Arredondo was paid, as well as liquidated damages in an amount equal to the minimum wage differential, attorney's fees, and costs of court.

17. Defendants knew that they were taking Arredondo's and his co-workers' tips yet continued to knowingly violate the FLSA's requirements. This means that the claims of the Similarly Situated Workers as described below should be subject to a three-year statute of limitations rather than two.

### Collective Action Allegations

18. The Defendants' failure to pay its poker dealers as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, taking a portion of the employees' tips and giving them to

supervisory personnel who are not entitled to pool tips with tipped workers. This generally applicable policy is prohibited by the FLSA. Thus, Arredondo's experience is typical of the experiences of the Similarly Situated Workers.

19. The Similarly Situated Workers to whom notice should be sent are properly defined as:

> **All individuals working for Defendant Shuffle 512, LLC as poker dealers who were employed as tipped workers during the three-year period preceding the filing of this Complaint.**

20. The Court should order the Defendants to provide contact information for all Similarly Situated Workers to Arredondo's counsel and allow them to send notice to all Similarly Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

## **Defendant, Jurisdiction, and Venue**

21. Defendant Shuffle 512, LLC is a Texas limited liability company and an "employer" of Plaintiff as defined by the FLSA. This Defendant may be served through its registered agent, Matthew Morgan at 10300 Manchaca Road, Austin, Texas 78748, or at 51 Rainey St. #2116, Austin, Texas 78701, or wherever he may be found.

22. Defendant Matthew Morgan is an individual who may be served with process at 10300 Manchaca Road, Austin, Texas 78748, or at 51 Rainey St. #2116, Austin, Texas 78701, or wherever he may be found.

23. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Arredondo transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

24.     Arredondo demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff Jacob Arredondo and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons who worked for Shuffle 512, LLC as poker dealers during the three-year period immediately preceding the filing of this Complaint.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid tips and minimum wages at the applicable rates;
3. An equal amount to the tip and minimum wage wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF JACOB ARREDONDO**